**Javier LEYSOTO, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**MAMA MIA I., INC., d/b/a Mama Mia Ristrorante, Defendant.**

No. 08–60750–CIV–SEITZ/O'SULLIVAN.

United States District Court, S.D. Florida.

Feb. 17, 2009.

Anthony Manuel Lopez, Cibran Eljaiek & Lopez, P.L., Roniel Rodriguez, IV, Alvarez

Eljaiek & Rodriguez PL, Miami, FL, for Plaintiff.

Mark A. Hendricks, Anna Marie Frusciante, Margaret Mevers, Lydecker Lee Behar Berga & de Zayas, LLC, Miami, FL, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Plaintiff Javier Leysoto's Motion for Class Certification and Appointment of Class Counsel [DE–16]. This action arises from alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA") committed at the Defendant restaurant, Mama Mia Ristrorante ("Mama Mia"). Plaintiff seeks to certify all customers who received a printed receipt at Mama Mia, on or after December 4, 2006, in violation of FACTA's provisions regarding truncation of credit card and debit card numbers. Plaintiff contends that certification is warranted under Fed.R.Civ.P. 23(a) and 23(b)(3).

The Motion to Certify turns on two related questions: (1) whether potential class damages are a proper consideration at the motion to certify stage; and, if so; (2) whether the potential class damages in this matter preclude certification under Fed.R.Civ.P. 23(b)(3). Because the Eleventh Circuit instructs that this Court may consider potential class damages in adjudicating Plaintiff's Motion, and given the vast disparity between the requested statutory damages and the actual injury caused by Defendant, the class vehicle is not the superior method for fairly and efficiently adjudicating this dispute. As such, certification is not proper under Fed.

1. After his March 21, 2008 transaction with Mama Mia, Plaintiff contends that his credit card numbers were subsequently stolen. (Leysoto Dep., p. 55.) Mr. Leysoto does not, however, allege any correlation between Defendant's alleged FACTA violation and the identity theft.

2. Plaintiff erroneously contends that Defendant continued to violate FACTA after commencement of this litigation, and attaches an allegedly improper receipt in support thereof. (See Reply to

R.Civ.P. 23(b)(3), and accordingly, the Motion to Certify must be denied.

## I. BACKGROUND

Defendant Mama Mia is a local restaurant in Hollywood, Florida, with approximately $40,000 in net assets. (Franco Affidavit, ¶¶ 4, 6 [DE–30–2].) On March 21, 2008, Plaintiff Leysoto ordered a meal at Mama Mia using a personal credit card and was provided with an electronically printed receipt evidencing the transaction. (Leysoto Deposition, pp. 13–14, [DE–29–3]; Leysoto Receipt, [DE–1, Exhibit A].) The receipt displayed both the expiration date and full number of Plaintiff's credit card.[1] (See Leysoto Receipt.) However, the record indicates that Mama Mia ceased this practice, and began truncating customer receipts to merely four (4) card numbers, no later than June 26, 2008.[2] (See June 26, 2008 Receipt, [DE–17–7].).

On April 15, 2008, Plaintiff filed a putative class action Complaint in the Seventeenth Judicial Circuit for Broward County seeking statutory and actual damages, as well as attorneys' fees and costs, for alleged *willful* violations of the Fair and Accurate Credit Transaction Act, codified at 15 U.S.C. § 1681, *et seq.* [DE–1]. Specifically, Plaintiff contends that Defendant willfully "printed more than the last five digits of the Payment Card's account number . . . on [the March 21, 2008] receipt provided to [Plaintiff], in its course of trade or commerce in violation of FACTA." (Compl., ¶ 7.) On May 16, 2008, Defendant removed the action to this Court on the basis of federal question jurisdiction [DE–1].

On September 26, 2008, Plaintiff filed his Motion to Certify pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3),[3] which proposes the following class definition:

Motion to Certify, p. 7 [DE–33]; June 26, 2008 Receipt [DE–17–7].) However, the attached receipt, printed on June 26, 2008, merely displays four digits of the customer's credit card number, and is therefore in full compliance with FACTA's truncation requirement. (See June 26, 2008 Receipt.)

3. Plaintiff does not seek certification under Fed. R.Civ.P. 23(b)(1) or 23(b)(2).

All persons in the State of Florida to whom, on or after December 4, 2006, Defendant provided an electronically printed receipt at the point of a sale or transaction on which Defendant printed more than the last five digits of their payment card's account number or expiration date.

Defendant estimates that, if certified, the proposed class will encompass approximately 46,000 members, see Defendant's Response to Interrogatories ¶ 1 [DE–29–2], with a statutory damages range of between $4,600,000 and $46,000,000.[4] There is no evidence that any putative class member, including Mr. Leysoto, suffered actual economic injury arising from Defendant's alleged FACTA violations.[5] On October 29, 2008, Defendant filed a Response to the Motion to Certify [DE–29], to which Plaintiff replied on November 14, 2008 [DE–33]. Given the full briefing, Plaintiff's Motion to certify is ripe for adjudication.

## II. *APPLICABLE LAW*

Congress passed the Fair and Accurate Credit Transactions Act on December 4, 2003, which provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.[6]" 15 U.S.C. § 1681c(g)(1). The Congressional purpose in enacting FACTA was "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub.L. No. 110–241 (HR 4008), 122 Stat. 1565 (June 3, 2008).

Thus, FACTA imposes civil liability for *willful* noncompliance in the amount of "any actual damages sustained by the consumer as a result of the failure [actual damages] or damages of not less than $100 and not more than $1,000 [statutory damages].[7]" 15 U.S.C. § 1681n(a)(1)(A). Moreover, pursuant to § 1681n(a)(3), a prevailing plaintiff is entitled to recover attorneys' fees and costs. Finally, in addition to private remedies, FACTA also provides for enforcement by the Federal Trade Commission, including injunctive relief. *See* 15 U.S.C. § 1681s(a); *see also Washington v. CSC Credit Services, Inc.,* 199 F.3d 263, 268–269 (5th Cir.2000).

Here, Plaintiff seeks class certification on the basis of alleged willful FACTA violations. While FACTA is silent as to the availability of class relief, the general requirements for certification are well-settled in the Eleventh Circuit. Thus, to certify the proposed class, Plaintiff bears the burden of satisfying all four requirements of Fed.R.Civ.P. 23(a), as well as one of the requirements set forth in Fed.R.Civ.P. 23(b). *See Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1188 (11th Cir.2003); *Rutstein v. Avis Rent–A–Car Systems, Inc.,* 211 F.3d 1228, 1232 (11th Cir.2000). In other words, failure to satisfy the Rule 23(a) factors, or one of the requirements set forth in Rule 23(b), will preclude class certification. *Valley Drug,* 350 F.3d at 1188 (citing *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 615–18, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)).

Rule 23(a) requires Plaintiff to demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the

---

**4.** Plaintiff does not dispute Defendant's class estimation.

**5.** In fact, Plaintiff expressly concedes that he suffered no actual economic injury. (*See* Leysoto Deposition, p. 16, [DE–29–3].)

**6.** In June 2008, Congress amended FACTA by enacting H.R. 4008, the Credit and Debit Card Receipt Clarification Act of 2007, to relieve businesses of potential FACTA liability for failing to remove *expiration dates* from credit card receipts. *See* Pub.L. No. 110–241 (HR 4008), 122 Stat. 1565 (June 3, 2008).

**7.** While FACTA also provides for actual damages arising from *negligent* conduct, see 15 U.S.C. § 1681o(a)(1), Plaintiff alleges only *willful* FACTA violations. Therefore, to prove his allegation, Plaintiff will be required to show that Defendant's actions were "committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law." *See* Eleventh Circuit Criminal Pattern Jury Instructions, Basic Instruction 9.1 (2003).

claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[8]" Fed.R.Civ.P. 23(a). If Plaintiff can meet his burden of establishing the Rule 23(a) factors, he must also satisfy one of the three additional requirements set forth in Rule 23(b). Here, Plaintiff seeks certification solely under Rule 23(b)(3), which requires Plaintiff to establish that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[9]" Fed.R.Civ.P. 23(b)(3).

Plaintiff also must have standing in order the represent the class.[10] *Prado–Steiman v. Bush,* 221 F.3d 1266, 1279 (11th Cir.2000). In addition, Rule 23 implicitly requires that the class sought to be represented must be "adequately defined and clearly ascertainable." *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir.1970) *(per curium); see also Neumont v. Monroe Co., Fla.,* 198 F.R.D. 554, 556–57 (S.D.Fla.2000).

District courts are invested with significant discretion in deciding whether to certify a class. *Klay v. Humana, Inc.,* 382 F.3d 1241, 1251 (11th Cir.2004). In exercising its discretion under Rule 23, a court may not pass on the merits of a case, but only the procedural requirements for class certification. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Cooper v. Southern Co.,* 390 F.3d 695, 713 (11th Cir.2004). Nonetheless, it is within a court's discretion to consider the merits of the claims in order to determine whether the requirements of Rule 23 are satisfied. *See Heffner v. Blue Cross Blue Shield of Alabama, Inc.,* 443 F.3d 1330, 1337 (11th Cir. 2006); *Love v. Turlington,* 733 F.2d 1562, 1564 (11th Cir.1984). In making this determination, courts may consider any evidence submitted that bears on the question of certification. *See Cooper,* 390 F.3d at 713–14. With these principles in mind, the Court turns to the Motion to Certify.

## III. ANALYSIS

According to the Court's independent research, every FACTA action filed in the Eleventh Circuit has settled, or been dismissed, prior to a ruling on class certification. Thus, the issue of FACTA certification is a matter of first impression within this Circuit. And it is no small issue. Since 2006, in the Southern District of Florida alone, various plaintiffs have filed at least 140 FACTA complaints. In merely *two* of these actions, the requested statutory damages exceeded $2 billion. *See Root v. Scholastic Corp.,* Case No: 07–CV–61632–Ungaro, *see* DE–27; *Katz v. Royal Rent–A–Car Systems of Florida, Inc.,* Case No: 07–61375–Moreno, *see* DE–34.

Courts in other Circuits have, however, resolved the issue of FACTA class certification, with the vast majority of opinions arising from the Seventh Circuit and Ninth Circuit. After reviewing such case law, it is apparent that FACTA certification consistently turns on two issues: (1) whether the *amount* of potential FACTA class damages is a permissible consideration at the motion to certify stage; and, if so; (2) whether those

---

**8.** These four requirements are commonly referred to as the numerosity, commonality, typicality and adequacy factors. *See Prado–Steiman v. Bush,* 221 F.3d 1266, 1278 (11th Cir.2000).

**9.** Rule 23(b)(3) also sets forth a non-exhaustive list pertinent to the court's analysis thereunder:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

**10.** The Eleventh Circuit's pending ruling in *Grimes v. Rave Motion Pictures Birmingham, L.L.C.,* et al., Nos. 08–13510–BB, 08–13616–BB (consolidated), which addresses the constitutionality of the FACTA statutory damages provision, may impact Plaintiff's claim. Should the Eleventh Circuit affirm the lower court's decision in *Grimes,* and thereby preclude all FACTA statutory damages actions, Plaintiff will lack Article III standing to pursue his individual claim for statutory damages.

potential class damages preclude certification under the superiority requirement of Rule 23(b)(3). Thus, district courts in the Ninth Circuit, which typically deny class certification, generally hold potential FACTA class damages to be a highly probative consideration under Rule 23, and further still, that such potential class damages preclude certification under the superiority requirement of Rule 23(b)(3). *See Saunders v. Trattoria*, 2007 WL 4812287, at *2 (C.D.Cal.2007) (denying FACTA class certification under Rule 23(b)(3) superiority analysis as "the statutory [class] damages requested are 'grossly disproportionate' to any [actual] harm [caused by defendant's conduct]"). In contrast, district courts in the Seventh Circuit, which consistently grant FACTA certification, prohibit consideration of potential class damages in undertaking Rule 23 analysis. *See Harris v. Best Buy Co., Inc.*, 254 F.R.D. 82, 89–90 (N.D.Ill.2008) ("courts cannot deny class certification based on the possibility that the statutory damages may be substantial"). Accordingly, the Seventh Circuit has reasoned that while an award that would be unconstitutionally excessive may be reduced, such due process considerations are best applied *after* class certification. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir.2006).

Although the two Circuits take opposing procedural approaches, the fact remains that the issue of damages plays a significant role at some point in FACTA class actions. Thus, the threshold issue is whether this Court, sitting in the Eleventh Circuit, may consider potential class damages at the motion to certify stage.

### A. CONSIDERATION OF POTENTIAL CLASS DAMAGES UNDER RULE 23

█ This first issue is easily resolved in light of Eleventh Circuit precedent. In *London v. Wal–Mart Stores, Inc.*, 340 F.3d 1246, 1255, n. 5 (11th Cir.2003), a case involving class certification under the Truth in Lending Act, the Eleventh Circuit stated that:

> However, we also note our doubt as to whether the class certification could meet Rule 23(b)(3)'s superiority requirement. Unlike the contracts in *Raulerson* and *Vista Designs*, the alleged illegality of the contracts at issue here occurred through the Appellants' failure to follow the requirements of a complex regulatory scheme, subject to different reasonable interpretations. In addition, the plaintiffs suffered no economic harm.

> *Under such circumstances, even though economic harm is not an element of the Florida common law claim for restitution, it may be required for superiority under the Federal Rules of Civil Procedure [Rule 23]. This is especially likely when, as in the present suit, the defendants' potential liability would be enormous and completely out of proportion to any harm suffered by the plaintiff.*

*Id.* (emphasis added).

Thus, *London* indicates that lower courts may consider potential class damages, in conjunction with the plaintiff's actual injury, especially in cases where "the defendants' potential liability would be enormous and completely out of proportion to any harm suffered by the plaintiff." *See id.*

In this case, there is no evidence that Plaintiff, or any other putative class member, suffered actual economic injury arising from Defendant's alleged FACTA violations. (*See* Leysoto Deposition, p. 16.) On the other hand, Plaintiff seeks potential class damages of between $4.6 million to $46 million, even though the record reflects that (1) the Defendant's net worth is approximately $40,000; and (2) this lawsuit has already achieved FACTA's public policy goal in bringing Plaintiff's receipt system into compliance with federal law. (Franco Affidavit, ¶¶ 4, 6 [DE–30–2]; June 26, 2008 Receipt, [DE–17–7].) Thus, given the Eleventh Circuit's statements in *London*, the potentially annihilating class damages, in contrast to Plaintiff's actual economic injury, is clearly probative of whether the class vehicle is the superior method for fair adjudication of this dispute. As such, Plaintiff's requested class damages are a factor this Court may consider under its Rule 23(b)(3) analysis.[11]

---

11. Plaintiff fails to offer authoritative case law to dispute the Court's holding. Instead, Plaintiff

## B. CLASS CERTIFICATION UNDER RULE 23

■ Plaintiff seeks certification under Rule 23(a) and Rule 23(b)(3). To do so, Plaintiff must establish that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As noted above, this controversy involves the Fair and Accurate Credit Transactions Act, whose stated purpose is "to prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub.L. No. 110–241 (HR 4008), 122 Stat. 1565 (June 3, 2008). For the reasons discussed below, a class action is not the superior method for fair adjudication of this FACTA dispute under Rule 23(b)(3).[12]

The majority of district courts to consider potential FACTA class damages at the motion to certify stage have denied certification for failure to satisfy Rule 23(b)(3)'s superiority requirement. *See Bateman v. American Multi–Cinema, Inc.,* 252 F.R.D. 647 (C.D.Cal.2008) (denying FACTA class certification for failure to meet Rule 23(b)(3) superiority requirement given magnitude of statutory damages compared to actual harm); *Saunders v. Trattoria,* 2007 WL 4812287 (C.D.Cal.2007) (same); *Soualian v. International Coffee and Tea, LLC,* 2007 WL 4877902 (C.D.Cal.2007) (same); *see also Najarian v. Avis Rent A Car Sys.,* 2007 WL 4682071 (C.D.Cal.2007) (same). These courts generally reason that FACTA certification would permit potentially annihilating statuto-

ry damages to be awarded against a defendant business, without any requirement or proof of actual harm. *See id.* The Court shares this concern.

Here, Defendant is a local business with $40,000 in net assets. Yet, if Plaintiff prevails as a certified class representative, he would seek to impose a statutory damages award of between $4.6 million and $46 million, while also conceding that neither he, or any other putative class member, suffered actual economic injury. Thus, if Plaintiff's strategy is successful, Mama Mia would face almost certain insolvency, despite the fact that its conduct caused no actual damages. (*See* Franco Affidavit, ¶ 7.) Such an outcome would not be a fair, efficient, or cost-effective adjudication of the controversy.

It is difficult to ascertain the benefit to potential class members under the circumstances of this case. For example, at this stage in the litigation, the benefit cannot be the enforcement of FACTA's legislative purpose, namely to prevent "criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud," as there is no record evidence that any putative class member, including Mr. Leysoto, was the victim of identity theft, or for that matter, suffered actual damages arising from such illicit activity. Further still, Mama Mia has been FACTA compliant since June 2008 (approximately two months after the filing of the Complaint). In addition, given Mama Mia's $40,000 in net assets, Plaintiff cannot seriously hope to fully compensate the 46,000 member proposed class, as each class member, on average, would garner substantially

---

merely notes that other courts, mostly in the Seventh Circuit, have disregarded potential class damages under Rule 23 analysis, given the fact that excessive damages may be reduced, after final judgment, pursuant to the Due Process Clause of the Fourteenth Amendment. *See Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 954 (7th Cir.2006) ("An award that would be unconstitutionally excessive may be reduced [pursuant to Due Process Clause]") (citation omitted). However, even were the Court to agree with the Seventh Circuit's analysis, those decisions serve as merely persuasive authority, and moreover, directly contradict the Eleventh Circuit's statements in *London.*

12. As Plaintiff fails to satisfy Rule 23(b)(3)'s superiority requirement, the Court need not address the additional class requirements set forth in Rule 23(a). *See Jones v. Jeld–Wen, Inc.,* 250 F.R.D. 685, 695 (S.D.Fla.2008) (even where class meets requirement of Rule 23(a), class certification properly denied for failure to satisfy additional requirements of Rule 23(b)); *see also Saunders,* 2007 WL 4812287, at *3 (denying FACTA class certification on Rule 23(b)(3) grounds, without need for Rule 23(a) analysis).

less than $1.00 in recovery, excluding the requested attorney's fees, as well as class notice and other costs inherent in class litigation. Thus, at least in this matter, it appears that the sole benefit of certification would be the *threat* of ruinous damages for purposes of settlement. But, as noted above, the requisite deduction for attorneys' fees, notice and other administrative costs will assuredly outweigh any settlement benefits to individual class members.

However, in order to deny certification under Rule 23(b)(3), there must be a superior method for adjudicating the controversy. *See* Fed.R.Civ.P. 23(b)(3). And, the denial of certification does not preclude *individual* FACTA actions from proceeding and achieving FACTA's goals. Here, for example, Mr. Leysoto commenced his individual action against Mama Mia in April 2008, and by June 2008, Defendant was FACTA compliant. Furthermore, if Plaintiff prevails, he will individually be entitled to statutory damages of between $100 to $1000, as well as attorneys' fees and costs. Therefore, Mr. Leysoto's individual action has, without the need for certification, successfully served FACTA's legislative purpose, by fully compensating Plaintiff and his counsel, as well as eliminating the threat of future identity theft. As noted above, any other Mama Mia customer with a viable FACTA claim for actual damages is also entitled to their day in court.

On the other hand, to grant the requested class relief would allow this Plaintiff, and his counsel, to dangle the Sword of Damocles over Defendant, without any showing of actual economic harm. And while there is no indication of misconduct or malicious intent in this dispute, the threat of annihilation associated with certification does not serve the purpose of the legislation, and moreover,

is simply unnecessary to effectively enforce the Act and compensate victims of identity theft. As such, the Court finds, based on the facts presented in this matter, that individual actions against Mama Mia are a superior method to adjudicate any remaining FACTA disputes. Therefore, Plaintiff has failed to satisfy the superiority requirement of Fed. R.Civ.P. 23(b)(3), and accordingly, the Motion to Certify must be denied.

## IV.  *CONCLUSION*

Accordingly, for the reasons stated above, it is hereby

ORDERED THAT

(1) Plaintiff's Motion to Certify [DE–16] is DENIED.

(2) All pending motions and deadlines, inclusive of the January 26, 2009 dispositive motion deadline, April 26, 2009 Pretrial Stipulation deadline, May 8, 2009 Pretrial Conference date, and May 26, 2009 trial date shall remain STAYED pending resolution of *Grimes v. Rave Motion Pictures Birmingham, L.L.C.*, et al., Nos. 08–13510–BB, 08–13616–BB (consolidated). The Parties shall notify the Court of the Eleventh Circuit's ruling in *Grimes* within 5–days of final disposition. Failure to adhere to this deadline will result in dismissal of the case.

(3) The Clerk of Court shall CLOSE this case for administrative purposes.