# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30550

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2014

Lyle W. Cayce
Clerk

ROBERT TICKNOR, et al.,

Plaintiffs-Appellants

v.

ROUSE'S ENTERPRISES, L.L.C., a Louisiana Limited Liability Company,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-cv-1151

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Three plaintiffs filed a motion to certify a class action against a grocery store chain for alleged violations of the Fair and Accurate Credit Transactions Act. The district court denied certification on predominance and superiority grounds. We conclude the district court did not abuse its broad discretion, and therefore we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30550

FACTS AND PROCEDURAL BACKGROUND

The plaintiffs, Robert Ticknor, Matthew Russell, and Daniel Cutler, brought suit in the United States District Court for the Eastern District of Louisiana. They claimed that Rouse's Enterprises, L.L.C., a New Orleans-based grocery store chain, willfully violated Section 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA") by allowing credit card expiration dates to be printed on its store receipts.

The FACTA provision relevant to this case states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Rouse's did not violate the restriction about card numbers; the only claim is that it printed expiration dates. A willful violation of FACTA entitles a plaintiff to recover actual damages or statutory damages of between $100 and $1,000, attorney's fees, and potentially punitive damages. § 1681n(a). The plaintiffs concede that none of Rouse's customers suffered actual harm as a result of a FACTA violation. Therefore, they seek to recover the statutory penalty plus punitive damages and attorney's fees.

After discovery relevant to class issues, the plaintiffs moved under Rule 23(b)(3) to certify a nationwide class of "[a]ll persons who made in-store purchases from the Defendant using a debit or credit card, in a transaction occurring from May 8, 2010, through May 10, 2012, at one of the [specified] Rouses stores . . . ." Rouse's opposed class certification.

The district court held an evidentiary hearing on the class certification motion. After receiving briefing regarding the class's manageability, the court denied certification. Although it concluded that liability was a common issue across the class, the court determined that the plaintiffs had not "satisfied

2

No. 14-30550

their burden of establishing that common issues predominate" because it would be necessary to determine "whether each class member is a 'cardholder,' a 'consumer,' and received a receipt." Furthermore, the court held that the "individual mini-trials" necessary to resolve each class member's claims would "be impracticable and a waste of judicial resources" and that, therefore, the plaintiffs had "not carried their burden of showing a class action is a superior method for adjudicating this case." This interlocutory appeal followed.[1]

## DISCUSSION

"We review a denial of class certification for abuse of discretion and legal questions implicated by that decision are reviewed *de novo*." *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 344–45 (5th Cir. 2012) (citations omitted). "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998) (citation omitted).

Certification of a class under Rule 23(b)(3) requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Pertinent to these questions are "the

---

[1] The plaintiffs devote a significant portion of their facts section to evidence intended to show that Rouse's willfully violated FACTA. That effort was misguided. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013) (citations omitted). Our review is circumscribed by this same standard. Consequently, we omit mention of the facts pertaining to the merits of the plaintiffs' claim.

likely difficulties in managing a class action." FED. R. CIV. P. 23(b)(3)(D).  Such difficulties "encompass[] the whole range of practical problems that may render a class action format inappropriate for a particular suit."  *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 164 (1974).

The district court determined that the plaintiffs needed to prove that they: (1) were not using someone else's card to make their purchases, (2) were consumers rather than business purchasers, and (3) took their receipts.  *See* 15 U.S.C. § 1681c(g)(1).  Rouse's argued that these factors differed among the putative class members.  First, it noted one instance in which an individual had used his mother's credit card to make a purchase, suggesting there would be many similar situations.  Second, Rouse's observed that it markets to professional chefs and other business customers who shop at its stores.  These customers are not "consumers" protected under FACTA.  Finally, Rouse's showed that numerous customers leave its stores without their receipts.

The district court relied on these considerations in determining that, because the FACTA elements were not subject to class-wide proof, common issues did not predominate.  The court also concluded that, due to the large number of transactions (over 14 million) involved in the suit and the availability of attorney's fees and punitive damages in individual lawsuits, class relief was not superior to individual actions.

We have held that class issues do not predominate when "transaction-by-transaction" determinations are required.  *Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 307 (5th Cir. 2009).  In *Mims,* an inquiry into each transaction's reasonableness would have been required.  *See id.* at 306.  The individualized inquiries in this case might not need to be as detailed, but the general principle of *Mims* applies.  The plaintiffs contend that post-trial mechanisms, such as claims forms requiring plaintiffs to attach their credit card statements and

store receipts, would eliminate the burdens of a transaction-by-transaction analysis. Credit card statements, though, would not demonstrate that the cardholder made the purchase. Additionally, determining whether a purchase was for consumer or business purposes would often not be possible from the card statements, because personal credit cards may be used to make business purchases. Because these elements must be proven to recover on a FACTA claim, and because Rouse's demonstrated that these elements differed as to the plaintiffs, the district court did not abuse its discretion in determining that these issues created predominance and manageability problems.

As to superiority, we have suggested that class size is a relevant, though not dispositive, consideration weighing on superiority. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 747 (5th Cir. 1996). Additionally, we have recognized that the availability of attorney's fees and punitive damages is a common basis for finding non-superiority, as the aggregation of claims is not necessary to facilitate suits in such instances. *See id.* at 748; *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114, 117-18 (5th Cir. 1975). In fact, the presence of these forms of relief prompted us to hold that "[t]he most compelling rationale for finding superiority in a class action — the existence of a negative value suit — is missing in this case." *Castano*, 84 F.3d at 748 (citations omitted). Although the plaintiffs in *Castano* asserted claims for actual damages, attorney's fees equally facilitate the bringing of claims for statutory damages. Indeed, it is difficult to categorize prevailing plaintiffs whose costs are covered and who are guaranteed more than nominal damages as negative-value plaintiffs merely because they did not assert a larger actual-damages claim. Accordingly, the district court did not abuse its discretion by relying on these factors to find that superiority was lacking.

No. 14-30550

Critically important here is the broad discretion enjoyed by district courts regarding certification. That discretion may lead to disparate results. In fact, the parties' briefs make clear that district courts have both allowed and refused certification of classes in the FACTA context.[2] Nevertheless, we concur with the Tenth Circuit's conclusion that "inconsistent results" regarding certification are "no insurmountable objection" and must be permitted "until, if ever, some more acceptable and general solution by amendments to the Rules or clarification by statute emerges." *Wilcox v. Commerce Bank of Kan.*, 474 F.2d 336, 347 (10th Cir. 1973) (discussing certification in the context of the Truth in Lending Act).

The district court did not abuse its discretion by denying certification on the basis of predominance and superiority.

AFFIRMED.

---

[2] *Compare Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 148 (N.D. Ill. 2010) (certifying class); *Bush v. Calloway Consol. Gp. River City, Inc.*, No. 3:10-cv-841-J-37MCR, 2012 WL 1016871, at *15 (M.D. Fla. Mar. 26, 2012) (same); *Armes v. Sogro, Inc.*, No. 08-C-0244, 2011 WL 1197537, at *8 (E.D. Wis. Mar. 29, 2011) (same); *Rogers v. Khatra Petro, Inc.*, No. 2:08-CV-294, 2010 WL 3894100, at *6 (N.D. Ind. Sept. 29, 2010) (same); *Tchoboian v. Parking Concepts, Inc.*, No. SACV 09-422 JVS (ANx), 2009 WL 2169883, at *10 (C.D. Cal. Jul. 16, 2009) (same) *with Rowden v. Pac. Parking Sys., Inc.*, 282 F.R.D. 581, 588 (C.D. Cal. 2012) (denying certification); *Friedman-Katz v. Lindt & Sprungli, Inc.*, 270 F.R.D. 150, 161 (S.D.N.Y. 2010) (same); *Grimes v. Rave Motion Pics.*, 264 F.R.D. 659, 669-70 (N.D. Ala. 2010) (same); *Hammer v. JP's Sw. Foods, L.L.C.*, 267 F.R.D. 284, 290-91 (W.D Mo. 2010) (same); *Leysoto v. Mama Mia I, Inc.*, 255 F.R.D. 693, 699 (S.D. Fla. 2009) (same); *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 349 (N.D. Ill. 2009) (same); *Gist v. Pilot Travel Ctrs.*, No. 5:08-293-KKC, 2013 WL 4068788, at *9 (E.D. Ky. Aug. 12, 2013) (same).